## No. 4948.

### CITY OF NEW ORLEANS *v.* S. W. RAWLINS.

In this suit for the taxes of 1873, the defendant insists that the default, the introduction of proof and the judgment are irregular and void, because not taken in this particular suit, but in a general entry of, "City of New Orleans *v.* Samuel Boyd & Co., and sundry and other taxpayers, from No. 50,000 to 59,864 inclusive;" and that the judgment signed is not the judgment entered on the minutes.

The judgment appealed from, which has the signature of the judge, is the one which the defendant has an interest in complaining of. The next question is as to his having been legally cited.

By the act, No. 48 of 1871, § 9, a publication of the names of the delinquent taxpayers, with the amounts due by them respectively, in the official journal, is a legal citation to each. After a certain delay, "upon the production and filing of said claims or bills in the appropriate and competent court, and the production of proof of publication, judgment shall be immediately rendered in favor of said city and against the delinquent taxpayer or debtor." According to this provision of the law the taking of a default was unnecessary, and, if taken, the defendant has no right to complain of a formality which is in his favor.

There is no sacramental form for entering judgments on the minutes of the court. The records of the court must show, however, the proceedings; and, in these tax suits, an entry showing that judgment was rendered in suits from one number to another inclusive, is a record of the fact that a judgment was allowed in each for the amount of the claim.

The record here shows that a judgment was entered and signed in the case of the city of New Orleans *v.* Rawlins, No. 57,679, which is a number included in those in which a judgment was entered on the minutes of the court. The law assimilates the proceedings in this class of cases to those in executory proceedings, except that the proof must be presented in court.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *George S. Lacey*, City Attorney, for plaintiff and appellee. *R. H. Marr*, for defendant and appellant.

HOWELL, J. This is a suit for the taxes of 1873, and the defendant has appealed from a judgment confirming a default against him. The objections he urges before us are technical and relate to the form of proceeding in the lower court.

He insists that the default, the introduction of proof and the judgment are irregular and void, because not taken in this particular suit, but in a general entry of "City of New Orleans vs. Samuel Boyd & Co. and sundry other taxpayers, from No. 50,000 to 59,864, inclusive," and that the judgment signed is not the judgment entered on the minutes.

City of New Orleans v. Rawlins.

The judgment appealed from, which has the signature of the judge, is the one which the defendant has an interest in complaining of, and the important questions are, was he legally cited, and does the evidence sustain the judgment?

By the law on this subject a publication of the names of the delinquent taxpayers, with the amounts due by them respectively, in the official journal, is a legal citation to each. After a certain delay, " upon the production and filing of said claims or bills, in the appropriate and competent court, and the production of proof of publication, judgment shall be immediately rendered in favor of said city and against the delinquent taxpayer or debtor." Act No. 48 of 1871, § 9. According to this the taking of a default was unnecessary, and defendant has no cause to complain of this formality, which is in his favor. When the bill against him, in the prescribed form, was filed and proof of publication adduced, the judge had only to render the judgment. There is no sacramental form for entering judgments in the minutes of the court. The records of the court must show, however, the proceedings in such court, and in these tax suits an entry, showing that judgment was rendered in suits from one number to another inclusive, is a record of the fact that a judgment was allowed in each for the amount of the claim in each. When the judgment is drawn up for signature and becomes final by the signature of the judge, it must conform to the proof, or it will be erroneous and may be corrected. The record here shows that a judgment was rendered and signed in the case of city of New Orleans v. S. W. Rawlins, No. 57,679, which is a number included in those in which a judgment was entered on the minutes of the court.

We think the law assimilated the proceedings in this class of cases to those in executory proceedings, except that the proof must be presented in court, the law saying expressly that " the only process necessary for judgment upon said claims or bills for taxes shall be said publication," and upon the simple filing of the said bills and proof of said publication, it is the duty of the judge to render a judgment.

It appears that some parties, embraced within the numbers specified, did have an opportunity to file defenses, and nothing shows that this defendant could not have done the same.

The other questions are disposed of in the case of Burthe & Klein, just decided. A year's interest is erroneously allowed in the judgment.

It is therefore ordered that the judgment appealed from be amended by allowing interest thereon from July 31; 1873, instead of July 31, 1872, and that as thus amended it be affirmed, costs of appeal to be paid by appellee.